CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 08 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNIE LEE ROSENBAUM,<br>    Plaintiff, | ) Civil Action No. 7:10-cv-00108<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| NEW RIVER VALLEY REGIONAL<br>    JAIL, et al.,<br>    Defendants. | )<br>) By: Hon. James C. Turk<br>) Senior United States District Judge |

Johnnie Lee Rosenbaum filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the New River Valley Regional Jail ("Jail") and the Jail Medical Department as the defendants and alleges they inflicted cruel and unusual punishment, in violation of the Eighth Amendment. This matter is before the court for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff had rotary cuff surgery in March 2009 but a car struck him in June 2009. Plaintiff saw a doctor in August 2009, who referred plaintiff to a hospital for "ASAP surgery" on his right shoulder. However, plaintiff was incarcerated before he went to the hospital. While at the Jail, correctional officers removed plaintiff's sling without a doctor's order. Plaintiff was told he did not need it because the doctor had released plaintiff to go to the hospital on his own.

After being in the Jail, another inmate attacked plaintiff, but plaintiff could not defend himself without a healthy right shoulder. The attack left plaintiff with an injured left shoulder, a "concussion, fractured skull, broken nose, etc." Plaintiff's teeth were removed as a result of the

attack, and the Jail's insurance paid half the bill.

Plaintiff also complains that the Jail lost a $100 deposit into his trust account. Furthermore, Jail officers transported plaintiff and his "enemy" together from the Pulaski County court to the Jail on December 16, 2009. Moreover, the Jail does not follow its own guidelines for handling inmate grievances, and plaintiff believes the grievance responses sounded like threats.

The Jail scheduled plaintiff's medical appointment for his left shoulder on December 14, 2009. Dr. Mierisch ordered plaintiff to have an MRI on December 23, 2009, and plaintiff's next appointment was set for February 2, 2010. Plaintiff filed a grievance against the Medical Department, and the February 2nd appointment was cancelled. Plaintiff's second appointment set for February 4th was cancelled because the Jail's insurance refused to cover it. As of March 8th, plaintiff still has not received treatment for his shoulders.

The court conditionally filed the complaint, advised plaintiff that he failed to state a claim upon which relief may be granted, sent him forms to document his indigence, and granted him the opportunity to amend his complaint. Plaintiff returned forms documenting his indigence but did not amend the complaint.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)

3

(emphasis added). However, plaintiff does not establish that the Jail, or its Medical division, is a "person" for purposes of § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning local jails and the members of the Sheriff's office who administer the jails are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 damages action). See also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. Aug. 28, 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Absent a properly named defendant, plaintiff fails to state a claim upon which relief may be granted, and the court dismisses the complaint after providing plaintiff the opportunity to amend it.

III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER:** This ___ day of April, 2010.

_____
Senior United States District Judge